## MAGNUS T. CARLSON v. SUPERIOR TERMINAL ELEVATOR COMPANY.[1]

June 4, 1915.

Nos. 19,188—(121).

**Contributory negligence.**

> In a suit for damages for personal injury, *held*, on examination that the record does not show such contributory negligence on the part of the plaintiff as would require the court to instruct the jury to bring in a verdict for the defendant as a matter of law.

Action in the district court for St. Louis county to recover $20,000 for injuries received by plaintiff while employed as a grain inspector by the state of Minnesota. The case was tried before Dancer, J., who when plaintiff rested granted the motion of defendant railway company for a dismissal of the action as to it, and a jury which returned a verdict for $1,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant Terminal Elevator Co. appealed. Affirmed.

*Thomas S. Wood* and *W. R. Foley,* for appellant.

*John Jenswold* and *C. R. Magney,* for respondent.

SCHALLER, J.

Plaintiff was a grain inspector working for the Minnesota Railroad and Warehouse Commission at defendant's elevators K and L at Superior, Wisconsin. These two elevators are about 200 feet

[1] Reported in 152 N. W. 881.

apart. Running between these two elevators is a tunnel, about half of which is above ground. To the east of the tunnel are two railroad tracks, both owned by the elevator company. The distance between the tunnel and the nearest railroad track is 18 to 23 feet. The surface of the ground between the track and the tunnel is sand, covered with cinders, practically level, and convenient for pedestrians.

There is some evidence that there was a path from one elevator to the other east of the tunnel and between five and six feet from the nearest track. A car was standing on the track nearest the tunnel. Some difficulty was had in getting the outside door of the car open. Plaintiff came toward the car from the elevator company's office, expecting to get change for a dollar from some one of the defendant's employees who were about the car attempting to open the door.

Plaintiff asked if any of them could give him change for a dollar, and finally one of them, stepping toward one end of the car, gave him the change. Plaintiff immediately walked back, past the car door toward the office.

There is some evidence that he was walking on the path between the two elevators. At any rate, about the time he was opposite the car door and about five or six feet from the car, the door was pried off by a man on top of the car. It fell, striking the ground and falling upon and seriously injuring the plaintiff. There was evidence that plaintiff had never previously seen a car door fall and did not know that cars ever were opened in that way.

Plaintiff brought this action against both defendants. At the trial, the action was dismissed as to the defendant, the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. A verdict was rendered for the plaintiff against the defendant, the Superior Terminal Elevator Company. From an order denying its blended motion for judgment notwithstanding the verdict, or for a new trial, the defendant appeals.

1. The only question presented in this case is whether or not the plaintiff was guilty of such contributory negligence as would require

the court to instruct the jury to find a verdict for the defendant as a matter of law.

There does not seem to be any serious question raised in the briefs, and no question was raised on the argument, as to the negligence of defendant's employees. It is practically conceded. There is evidence tending to show that this plaintiff had never known of a car door being pried off in this manner, and had never seen anything of the kind happen; that he was not aware that the place was dangerous; that he was walking on a beaten path, and that he was intent only on getting the change and getting back to the office with it.

Under these circumstances, we feel that the court properly submitted the question of contributory negligence to the jury. The evidence does not present a case in which the court would be justified in saying that the plaintiff was guilty of contributory negligence as a matter of law.

Order affirmed.